**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
_____(State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | ADVANCED DIAGNOSTIC RESOURCES, LLC |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number (EIN)** | 20-3131763 |

4. **Debtor's address**

**Principal place of business**

4511 N. Himes Avenue
Number      Street

Ste 260

Tampa                    FL        33614
City                     State     ZIP Code

Hillsborough County
County

**Mailing address, if different from principal place of business**

_____
Number      Street

P.O. Box _____

_____
City          State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number      Street

_____

_____
City          State    ZIP Code

| | |
|---|---|
| 5. **Debtor's website (URL)** | www.akumin.com |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

**Debtor** ADVANCED DIAGNOSTIC RESOURCES, LLC _____ **Case Number** _(if known)_ _____

Name

---

**7. Describe debtor's business**

**A.** _Check one:_

- [X] Health Care Business (as defined in 11 U.S.C. § 101(27A)
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [ ] None of the above

**B.** _Check all that apply:_

- [ ] Tax-exempt entity (as described in 26 U.S.C. § 501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
6215

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

_Check one:_

- [ ] Chapter 7
- [ ] Chapter 9
- [X] Chapter 11. _Check all that apply:_
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [X] A plan is being filed with this petition.
  - [X] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the _Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11_ (Official Form 201A) with this form.
  - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- [ ] Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- [X] No
- [ ] Yes    District _____ When _____ Case number _____
                                    MM/DD/YY

District _____ When _____ Case number _____
                       MM/DD/YY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- [ ] No
- [X] Yes    Debtor See Schedule 1                    Relationship Affiliate

District Southern District of Texas                    When 10/22/2023
                                                            MM/DD/YY

Case number, if known _____

---

**Debtor**  ADVANCED DIAGNOSTIC RESOURCES, LLC

Name

**Case Number** *(if known)* _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number        Street

_____

City                                State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Debtor **ADVANCED DIAGNOSTIC RESOURCES, LLC**                      Case Number *(if known)* _____
     Name

---

**16. Estimated liabilities**

☐ $0-$50,000                   ☐ $1,000,001-$10 million           ☐ $500,000,001-$1 billion
☐ $50,001-$100,000             ☐ $10,000,001-$50 million          ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000            ☐ $50,000,001-$100 million         ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million          ☐ $100,000,001-$500 million        ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of
authorized representative of
debtor**

☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this
   petition.

☒ I have been authorized to file this petition on behalf of the debtor.

☒ I have examined the information in this petition and have a reasonable belief that the information is true and
   correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/22/2023___
            MM /DD/ YYYY

**✗**  _/s/ Riadh Zine_                                Riadh Zine
      Signature of authorized representative of debtor        Printed name

      Title _Authorized Signatory_

---

**18. Signature of attorney**

**✗**  _/s/ Matthew D. Cavenaugh_          Date   10/22/2023

      Signature of attorney for debtor                  MM/DD/YYYY
      Matthew D. Cavenaugh

      Printed name
      Jackson Walker LLP

      Firm name
      1401 McKinney St., Ste. 1900

      Address
      Houston, TX  77010

      City, State Zip
      713-752-4200

      Contact phone
      mcavenaugh@jw.com

      Email address
      TX Bar No. 24062656        Texas

      Bar number                    State

---

## Schedule 1

### Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the **"Court"**).   A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Akumin Inc.

| | Debtor | Tax ID # |
|---|---|---|
| 1 | ADVANCED DIAGNOSTIC GROUP, LLC | 36-4793204 |
| 2 | ADVANCED DIAGNOSTIC RESOURCES, LLC | 20-3131763 |
| 3 | AFFILIATED PET SYSTEMS, L.L.C. | 52-2294497 |
| 4 | AFO IMAGING, INC. | 90-0101877 |
| 5 | AKUMIN FL, LLC | 32-0568377 |
| 6 | AKUMIN FLORIDA HOLDINGS, LLC | 90-1020967 |
| 7 | AKUMIN HEALTH ILLINOIS, LLC | 84-4325327 |
| 8 | AKUMIN HOLDINGS CORP. | 36-4874056 |
| 9 | AKUMIN INC. | 88-4139425 |
| 10 | AKUMIN OPERATING CORP. | 36-4793204 |
| 11 | ALLIANCE IMAGING NC, LLC | 94-2568732 |
| 12 | ALLIANCE ONCOLOGY OF ARIZONA, LLC | 37-1875582 |
| 13 | ALLIANCE RADIOSURGERY, LLC | 26-2247400 |
| 14 | DECATUR HEALTH IMAGING, LLC | 35-2196860 |
| 15 | DIAGNOSTIC HEALTH CENTER OF ANCHORAGE, LLC | 63-1186076 |
| 16 | GREATER BOSTON MRI LP | 04-3046093 |
| 17 | GREATER BOSTON MRI SERVICES, LLC | 04-3046083 |
| 18 | IMAGING CENTER OF WEST PALM BEACH, LLC | 42-1581519 |
| 19 | INMED DIAGNOSTIC SERVICES OF MA, LLC | 02-0597480 |
| 20 | LCM IMAGING, INC. | 59-3491669 |
| 21 | MEDICAL DIAGNOSTICS, LLC | 22-3388047 |
| 22 | MEDICAL OUTSOURCING SERVICES, LLC | 20-3927071 |

**Schedule 1**

| 23 | MID-AMERICAN IMAGING, INC. | 34-1576758 |
|---|---|---|
| 24 | MONROE PET, LLC | 47-3697399 |
| 25 | MUSC HEALTH CANCER CARE ORGANIZATION, LLC | 46-4868315 |
| 26 | NEHE–MRI, LLC | 04-3423736 |
| 27 | NEHE/WSIC II, LLC | 04-3521885 |
| 28 | NEOSPINE BLOCKER CORP | 20-0417354 |
| 29 | NEW ENGLAND HEALTH ENTERPRISES BUSINESS TRUST | 04-3582293 |
| 30 | NEW ENGLAND HEALTH IMAGING – HOULTON, LLC | 20-3710738 |
| 31 | NEW ENGLAND MOLECULAR IMAGING LLC | 22-3755525 |
| 32 | PET SCANS OF AMERICA CORP. | 22-3668419 |
| 33 | PMI PARTNERS, LLC | 81-1065347 |
| 34 | PREFERRED IMAGING AT CASA LINDA PLAZA, LLC | 20-0376652 |
| 35 | PREFERRED IMAGING AT THE MEDICAL CENTER, LLC | 20-1330997 |
| 36 | PREFERRED IMAGING HEB, LLC | 20-5996858 |
| 37 | PREFERRED IMAGING OF AUSTIN, LLC | 46-4425686 |
| 38 | PREFERRED IMAGING OF CORINTH, LLC | 27-0480055 |
| 39 | PREFERRED IMAGING OF DENTON, LLC | 27-2471104 |
| 40 | PREFERRED IMAGING OF FORT WORTH, LLC | 45-4156998 |
| 41 | PREFERRED IMAGING OF FRISCO, LLC | 46-1260679 |
| 42 | PREFERRED IMAGING OF GARLAND, LLC | 16-1668389 |
| 43 | PREFERRED IMAGING OF GRAPEVINE/COLLEYVILLE, LLC | 20-5468517 |
| 44 | PREFERRED IMAGING OF IRVING, LLC | 47-5068685 |
| 45 | PREFERRED IMAGING OF MCKINNEY, LLC | 46-1297168 |
| 46 | PREFERRED IMAGING OF MESQUITE, LLC | 81-1746041 |
| 47 | PREFERRED IMAGING OF PLANO, LLC | 20-3443649 |
| 48 | PREFERRED IMAGING ON PLANO PARKWAY, LLC | 26-1860286 |
| 49 | PREFERRED OPEN MRI, LLC | 75-2979838 |
| 50 | ROUND ROCK IMAGING, LLC | 04-3627677 |
| 51 | SHARED P.E.T. IMAGING, LLC | 34-1903476 |
| 52 | SMT HEALTH SERVICES, LLC | 25-1672183 |
| 53 | SYNCMED, LLC | 47-1807928 |

**Schedule 1**

| 54 | THREE RIVERS HOLDING, LLC | 13-3961861 |
|----|---------------------------|------------|
| 55 | TIC ACQUISITION HOLDINGS, LLC | 82-3338165 |
| 56 | USR HOLDINGS, LLC | 47-0935325 |
| 57 | VISTA PEM PROVIDERS, LLC | 27-1876031 |
| 58 | WESTERN MASSACHUSETTS MAGNETIC RESONANCE SERVICES, LLC | 04-2840694 |
| 59 | WOODLAND DIAGNOSTIC IMAGING, LLC | 34-1707717 |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   ADVANCED DIAGNOSTIC RESOURCES, LLC |
| United States Bankruptcy Court for the:      Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | STONEPEAK 550 W. 34TH STREET FLOOR 48 NEW YORK, NY 10001-1304 | CONTACT: SARAH WEISSMAN PHONE: 646-540-5218 WEISSMAN@STONEPEAK.COM | FUNDED DEBT | | | | $469,791,590.16 |
| 2 | MCKINSEY & COMPANY, INC. 711 THIRD AVE 4TH FLOOR NEW YORK, NY 10017 | CONTACT: TOM RUSSELL PHONE: 727-540-6408 TOM_RUSSELL@MCKINSEY.COM | TRADE DEBT | D | | | $6,750,000.00 |
| 3 | MEDPORT BILLING, LLC 4670 S. FORT APACHE ROAD SUITE 200 LAS VEGAS, NV 89147-7961 | CONTACT: DORIS PRANICEVIC PHONE: 702-375-0279 DORIS@MOVEDOCS.COM | FACTORING RECEIVABLES | C U | | | $2,500,000.00 |
| 4 | DESIGN IT, BUILD IT, INC. 26030 63RD AVENUE EAST MYAKKA CITY, FL 34251 | CONTACT: JEFF FAULKNER PHONE: 941-322-0842 DIBIFL@GMAIL.COM | TRADE DEBT | U | | | $1,714,383.49 |
| 5 | 626 HOLDINGS, LLC 1225 BROKEN SOUND PKWY NW SUITE A BOCA RATON, FL 33487 | CONTACT: TOBY FELDMAN PHONE: 800-516-0990 TOBY.FELDMAN@WEARE626.COM | TRADE DEBT | U | | | $991,060.30 |
| 6 | ELEKTA, INC. 400 PERIMETER CENTER TERRACE SUITE 50 ATLANTA, GA 30346 | CONTACT: NICHOLAS NELSON PHONE: 770-670-2422 NICHOLAS.NELSON@ELEKTA.COM | TRADE DEBT | U | | | $852,205.03 |
| 7 | FIRST INSURANCE 450 SKOKIE BLVD STE 1000 NORTHBROOK, IL 60062 | CONTACT: STEPHANIE GRANT PHONE: 714-646-1600 STEPHANIE.GRANT@FIRSTINSURANCEFUNDING.COM | TRADE DEBT | U | | | $851,630.22 |

Debtor: ADVANCED DIAGNOSTIC RESOURCES, LLC          Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  UNITED IMAGING 9370 KIRBY DRIVE HOUSTON, TX 77054 | CONTACT: EDGAR O. ALVAREZ PHONE: 919-480-6390 EDGAR.ALVAREZ@UNITED-IMAGING.COM | TRADE DEBT | U | | | $751,266.74 |
| 9  HOLOGIC 250 CAMPUS DR. MARBOROUGH, MA 01752 | CONTACT: NATANAEL MOLINA PHONE: 508-263-7928 NATANAEL.MOLINA@HOLOGIC.COM | TRADE DEBT | U | | | $538,694.40 |
| 10  PAETEC (WINDSTREAM ENTERPRISE) 1 PAETEC PLAZA FAIRPORT, NY 14450 | CONTACT: KATHY STORLA PHONE: 319-790-6306 KATHY.STORLA@WINDSTREAM.COM | TRADE DEBT | U | | | $513,440.66 |
| 11  TOTAL MEDICAL IMAGING, LLC 17501 BISCAYNE BOULEVARD SUITE 540 AVENTURA, FL 33160 | CONTACT: ALEJANDRO BUGNONE PHONE: 305-749-6413 ABUGNONE@TOTALMEDICALIMAGING.COM | TRADE DEBT | U | | | $477,761.00 |
| 12  PHILIPS HEALTHCARE 3000 MINUTEMAN RD ANDOVER, MA 01810 | CONTACT: MICHELLE CABALLERO PHONE: 800-456-9756 MICHELE.CABALLERO@PHILIPS,COM | TRADE DEBT | U | | | $470,282.15 |
| 13  CONTACT CENTERS DOMINICAN DUARTE HWY 5 DOMYN MALL UNIT 216 SANTIAGO DE LOS CALLEROS, SANTIAGO 51700 DOMINICAN REPUBLIC | CONTACT: PAOLA ENCARNACION COLON PHONE: 809-337-6300 FINANCE@CCDCARE.COM | TRADE DEBT | U | | | $422,290.38 |
| 14  VARIAN MEDICAL SYSTEMS, INC 70140 NETWORK PLACE CHICAGO, IL 60673-1701 | CONTACT: AMANDA WHISNANT PHONE: 678-255-3821 AMANDA.WHISNANT@VARIAN.COM | TRADE DEBT | U | | | $403,476.55 |
| 15  HEARTFLOW, INC. 331 E. EVELYN AVE MOUNTAIN VIEW, CA 94041 | CONTACT: ALLAN SWENSON PHONE: 651-470-0833 ASWENSON@HEARTFLOW.COM | TRADE DEBT | U | | | $391,628.83 |
| 16  ERAD INC. 201 BROOKFIELD PKWY SUITE 160 GREENVILLE, SC 29607 | CONTACT: KRISTEN HUGHES PHONE: 864-234-7430 KHUGHES@ERAD.COM | TRADE DEBT | U | | | $377,923.97 |
| 17  SAGILITY PROVIDER SOLUTIONS LLC 11000 WESTMOOR CIRCLE SUITE 125 WESTMINISTER, CO 80021 | CONTACT: ANNE BARTON PHONE: 214-836-6062 ANNE.BARTON@SAGILITYHEALTH.COM | TRADE DEBT | U | | | $363,298.40 |
| 18  SALESFORCE.COM 415 MISSION STREET THIRD FLOOR SAN FRANCISCO, CA 94105 | CONTACT: TASHA BENJAMIN PHONE: 647-480-9738 TBENJAMIN@SALESFORCE.COM | TRADE DEBT | U | | | $255,024.27 |

Debtor: ADVANCED DIAGNOSTIC RESOURCES, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19   PROGENICS PHARMACEUTICALS 777 OLD SAW MILL RIVER RD TARRYTOWN, NY  10591 | CONTACT: DONNA MARINO PHONE: 978-671-8885 DONA.MARINO@LANTHEAUS.COM | TRADE DEBT | U | | | $247,176.00 |
| 20   WAYSTAR INC. 888 W. MARKET ST SUITE 400 CHICAGO, IL  60677-1311 | CONTACT: ROBERT SWANK PHONE: 844-492-9782 OPTION 3 BILLINGINQUIRY@WAYSTAR.COM | TRADE DEBT | U | | | $225,000.00 |
| 21   JUBILANT DRAXIMAGE 4751 W 135TH ST CRESTWOOD, IL 60418 | CONTACT: UMESHWARI BISHT PHONE: 833-466-0730 V-UMESHWARI.BISHT@JUBI.COM | TRADE DEBT | U | | | $215,883.87 |
| 22   INTERSYSTEMS CORPORATION ONE MEMORIAL DRIVE CAMBRIDGE, MA  02142 | CONTACT: GAIL KELSEY PHONE: 617-551-2109 GAIL.KELSEY@INTERSYSTEMS.COM | TRADE DEBT | U | | | $196,513.80 |
| 23   SIEMENS 221 GREGSON DR. CARY, NC  27511 | CONTACT: PATRICK PRZYWITOWSKI PHONE: 844-789-5024 PATRICK.PRZYWITOWSKI@SIEMENS-HEALTHINEERS.COM | TRADE DEBT | U | | | $184,503.00 |
| 24   RINGCENTRAL INC. 6400 N ANDREWS AVE SUITE 200 FORT LAUDERDALE, FL 33309 | CONTACT: ELIZABETH ORI PHONE: 874-475-0301 COLLECTIONS@RINGCENTRAL.COM | TRADE DEBT | U | | | $162,442.37 |
| 25   PHELIX AL INC. 38 STEWART ST SUITE 702 TORONTO, ON  M5V0H1 CANADA | CONTACT: SARA BENBRAHIM PHONE: 416-917-0813 SARA@PHELIX.AI | TRADE DEBT | U | | | $156,000.00 |
| 26   E.T.I. FINANCIAL 1551 SAWGRASS CORPORATE PARKWAY SUITE 130 SUNRISE, FL  33323 | CONTACT: TONY MITCHEL PEREZ PHONE: 954-510-8008 TONY@ETIFINANCE.COM | TRADE DEBT | U | | | $142,743.13 |
| 27   CLARITY RADIOLOGY 1925 CENTURY PARK EAST SUITE 620 LOS ANGELES, CA  90067 | CONTACT: ALYSSA R. WOSK PHONE: 954-605-7088 AWOSK@IGTRAD.COM | TRADE DEBT | U | | | $126,514.27 |
| 28   FPL 700 UNIVERSE BLVD JUNO BEACH, FL  33408 | CONTACT: SCOTT BORES PHONE: 833-313-2973 SCOTT.BORES@FPL.COM | TRADE DEBT | U | | | $125,862.25 |
| 29   TECHNOLOGY PARTNERS INC. 8757 RED OAK BLVD CHARLOTTE, NC  28217 | CONTACT: STEPHANIE LADYMAN PHONE: 704-553-1004 ACCOUNTSRECEIVABLE@IMAGINETEAM.COM | TRADE DEBT | U | | | $115,642.88 |

Debtor: ADVANCED DIAGNOSTIC RESOURCES, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30  BRACCO<br>259 PROSPECT PLAINS ROAD<br>BUILDING H<br>MONROE TOWNSHIP, NJ  08831 | CONTACT: MICHELLE MARSEILLE<br>PHONE: 609-524-2766<br>MICHELLE.MARSEILLE@BRACCO.COM | TRADE DEBT | U | | | $112,401.85 |

**Fill in this information to identify the case:**

Debtor name:   ADVANCED DIAGNOSTIC RESOURCES, LLC

United States Bankruptcy Court for the:   Southern   District of   Texas
(State)

Case number (*If known*):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* ____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/22/2023
MM / DD / YYYY

/s/  Riadh Zine
Signature of individual signing on behalf of debtor

Riadh Zine
Printed name

Authorized Signatory
Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**ADVANCED DIAGNOSTIC RESOURCES, LLC,**<br><br>Debtor. | Chapter  11<br><br>Case No. |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Name and Address of Equity Holders | Percentage of Equity Held |
|---|---|
| Advanced Diagnostic Group, LLC<br>4511 N. Himes Avenue, Ste 260<br>Tampa, FL 33614 | 100% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**List of Equity Holders - Page 1**

**Fill in this information to identify the case:**

Debtor name: ADVANCED DIAGNOSTIC RESOURCES, LLC

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ *Other document that requires a declaration*  __List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/22/2023__           /s/  Riadh Zine
        MM / DD / YYYY              _____
                                    Signature of individual signing on behalf of debtor

                                    Riadh Zine
                                    _____
                                    Printed name

                                    Authorized Signatory
                                    _____
                                    Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:

**ADVANCED DIAGNOSTIC**
**RESOURCES, LLC,**

Debtor.

Chapter  11

Case No.

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| Advanced Diagnostic Group, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name: ADVANCED DIAGNOSTIC RESOURCES, LLC

United States Bankruptcy Court for the: __Southern__ District of __Texas__
_(State)_

Case number (_If known_): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  _Schedule A/B: Assets-Real and Personal Property_ (Official Form 206A/B)

☐  _Schedule D: Creditors Who Have Claims Secured by Property_ (Official Form 206D)

☐  _Schedule E/F: Creditors Who Have Unsecured Claims_ (Official Form 206E/F)

☐  _Schedule G: Executory Contracts and Unexpired Leases_ (Official Form 206G)

☐  _Schedule H: Codebtors_ (Official Form 206H)

☐  _Summary of Assets and Liabilities for Non-Individuals_ (Official Form 206Sum)

☐  _Amended Schedule_ _____

☐  _Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders_ (Official Form 204)

☑  _Other document that requires a declaration_   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/22/2023
MM / DD / YYYY

/s/  Riadh Zine
Signature of individual signing on behalf of debtor

Riadh Zine
Printed name

Authorized Signatory
Position or relationship to debtor

## OMNIBUS WRITTEN CONSENT OF THE GOVERNING BODIES
## OF THE ENTITIES LISTED BELOW

### October 20, 2023

The undersigned governing bodies and parties required to consent to the actions set forth below (collectively, the "Consenting Parties") of each of (i) the corporations listed on **Exhibit A** hereof (collectively, the "Corporations"), (ii) the limited liability companies listed on **Exhibit B** hereof (collectively, the "LLCs"), (iii) New England Health Enterprises Business Trust, a Massachusetts business trust ("NEHE Trust"), and (iv) Greater Boston MRI Limited Partnership, a Massachusetts limited partnership ("MRI LP" and, together with the Corporations, the LLCs and NEHE Trust, each, a "Company" and collectively, the "Companies"), pursuant to the appropriate statutory law in the jurisdiction of formation, incorporation or organization, as applicable for each of the Companies and in accordance with the relevant organizational documents of the Companies (collectively, the "Governing Documents"), do hereby consent to the adoption of the following written consents (the "Written Consents"):

**WHEREAS**, the Consenting Parties have considered certain materials presented by, or on behalf of, the  Companies' management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' business;

**WHEREAS**, the Consenting Parties have reviewed and considered presentations by Management and the Advisors of the Companies regarding the advantages and disadvantages of filing voluntary petitions for relief (the "Bankruptcy Petitions") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

**WHEREAS**, the Consenting Parties had the opportunity to consult with the management and the legal and financial advisors of the Companies to fully consider, and have considered, the strategic alternatives available to the Companies; and

**WHEREAS**, the Consenting Parties have determined, in the judgment of the Consenting Parties, that the following resolutions are advisable and in the best interests of each applicable Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

1.   **Voluntary Petitions for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief**

**NOW THEREFORE, BE IT RESOLVED**, that each of the Consenting Parties has considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of each applicable Company as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**FURTHER RESOLVED**, that in the judgment of the Consenting Parties, it is desirable and in the best interests of each applicable Company, its interest holders, subsidiaries, creditors, and other parties in interest, that such Company shall be, and hereby is, in all respects

4894-3978-6374\8

authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") for such Company; and, in accordance with the requirements of such Company's Governing Documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions; and

FURTHER RESOLVED, that (i) with respect to each Corporation, any director or duly appointed officer of such Corporation, (ii) with respect to each LLC, any member, manager, officer or Riadh Zine, as an "authorized signatory" of such LLC, (iii) with respect to NEHE Trust, any trustee or Riadh Zine, as an "authorized signatory" of NEHE Trust, (iv) with respect to MRI LP, the managing partner or Riadh Zine, as an "authorized signatory" of MRI LP, or (v) with respect to each Company, Ronald J. Bienias, as chief restructuring officer reporting to the chief executive officer of each Company (as contemplated below), in each case, acting individually and with full power of substitution (together with any persons or entities to whom such persons or entities delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the applicable Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of such Company and/or obtain additional financing in accordance with the Bankruptcy Code.

## 2.    Entry Into Restructuring Support Agreement

FURTHER RESOLVED, that it is in the best interest of each Company to enter into a Restructuring Support Agreement (the "Restructuring Support Agreement") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided and/or described to the Consenting Parties;

FURTHER RESOLVED, that (a) the forms, terms and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto, (b) the execution, delivery, and performance thereof, and (c) the consummation of the transactions contemplated thereunder by each Company are hereby authorized, approved, and declared advisable and in the best interest of each Company, with such changes therein and additions thereto as any Authorized Person of the applicable Company executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instructions and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof;

FURTHER RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, substantially in the form previously presented to each Consenting Party, together with such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement; and

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, and/or any of the related documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable.

3.      **DIP Facility**

**FURTHER RESOLVED**, that subject to the approval of the Bankruptcy Court, the Companies are authorized to negotiate, execute, deliver, and perform under a debtor-in-possession financing facility (the "DIP Facility") by and among the Companies, on one hand, and Stonepeak Magnet Holdings LP ("Stonepeak"), on the other hand, and enter into all agreements, instruments, certificates, pledges, applications, supplements, reports, notices and documents constituting exhibits or schedules to or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Facility (the "DIP Facility Documents") to consummate the transaction and one or more borrowings contemplated thereby (the "DIP Loans");

**FURTHER RESOLVED**, that each applicable Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the applicable Company, authorized, directed and empowered to seek entry of an order or orders authorizing entry into any DIP Facility Documents and consummation of the DIP Facility contemplated thereby, all substantially in accordance with the documents presented to the Consenting Parties and/or filed with the Bankruptcy Court, subject to such modifications thereto as the Consenting Parties or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**FURTHER RESOLVED,** that each applicable Company be, and hereby is, authorized, directed, and empowered to enter into the DIP Facility Documents, on terms and conditions substantially similar to those set forth in the form of DIP Facility Documents previously provided and/or described to the Consenting Parties, and to perform all of its obligations thereunder, including the incurrence of the indebtedness thereunder, borrowing and repaying (if applicable) of the DIP Loans, entry into any guaranty of the obligations thereunder, and granting of security interests in and liens upon certain assets of each applicable Company now or hereafter owned as contemplated by the DIP Facility Documents in favor of Stonepeak;

**FURTHER RESOLVED**, that (i) the form, terms and provisions of the DIP Facility Documents, (ii) the execution, delivery and performance thereof, and (iii) the consummation of the transactions related thereto is hereby authorized and approved in all respects, and each of the Authorized Persons, any of whom may act without any of the others, be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each applicable Company, to enter into, execute, deliver and perform under, the DIP Facility Documents and any amendments or modifications thereto, with such changes, modifications, additions, deletions and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof;

**FURTHER RESOLVED**, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Persons be, and each of them hereby is, authorized and empowered in the name and on behalf of each applicable Company to take or cause to be taken all such further action including, without limitation, to arrange for, enter into or grant amendments and modifications to, and waivers of, the DIP Facility Documents, and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, assignments, notices, financing statements and other documents, relating to the DIP Facility contemplated by the DIP Facility Documents, and to execute and deliver all such further amendments (including any incremental amendments and upsizes), modifications, waivers, supplemental agreements, instruments, notes, or any other financing documents, as may be called for under or in connection with the DIP Facility Documents, that may be determined by such Authorized Persons to be necessary or desirable, containing such terms and conditions and other provisions consistent with the DIP Facility Documents, in the name and on behalf of each applicable Company, and to pay all such indemnities, fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform the Companies' obligations under or in connection with the DIP Facility Documents and the transactions contemplated thereby;

**FURTHER RESOLVED**, that all actions taken by any of the Authorized Persons of a Company prior to the date of this consent, which are within the authority conferred hereby are hereby in all respects authorized, ratified, confirmed and approved.

## 4.   Marketing Process and Sale

**FURTHER RESOLVED**, that the Companies, with the assistance of their Advisors, are authorized to conduct a fulsome marketing and sale process, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction in connection therewith, in order to receive the highest or otherwise best offer for the sale of all or substantially all assets of the Companies (collectively, the "Sale Process");

**FURTHER RESOLVED**, that in the judgment of the Consenting Parties, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest that the Companies be, and hereby are, authorized to negotiate, execute, and enter into, all required documentation to consummate any potential transaction for the highest and best offer for the sale of any assets of the Companies (the "Potential Transactions") (including any asset purchase agreements, equity purchase agreements, or any other agreements or documents evidencing any such sale (collectively, the "Purchase Agreements")), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

**FURTHER RESOLVED**, that the Companies shall be, and hereby are, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Companies, authorized, directed and empowered to seek entry of an order or orders authorizing entry into any Purchase Agreements and consummation of the Potential Transactions contemplated thereby, all substantially in accordance with the documents presented to the Consenting Parties and/or filed with the Bankruptcy Court, subject to such modifications thereto as the Consenting Parties or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance the Companies' rights and obligations under any Purchase Agreement and/or the Sale Process, including filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

**FURTHER RESOLVED**, the Consenting Parties hereby authorize, approve, ratify and confirm the Companies' entry into the Potential Transactions and the Purchase Agreements in the form substantially reviewed, or to be reviewed, by the Consenting Parties and/or Management and each of the documents and agreements contemplated under any Purchase Agreement (the "Transaction Documents") to which each Company is a party, and the performance of the Companies' obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the Potential Transactions contemplated thereby;

**FURTHER RESOLVED**, that each Authorized Person, and each of them hereby individually is, authorized and empowered to execute and deliver any Purchase Agreements, any Transaction Documents and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which each Company is to be a party or as are necessary or appropriate to consummate the Potential Transactions contemplated by any Purchase Agreements and the Transaction Documents, in the name and on behalf of each Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery thereof by the Authorized Person to be conclusive evidence of such Authorized Person's approval of any such additions, deletions or changes);

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the applicable Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to any Purchase Agreements and the Transaction Documents.

5.      **Retention of Professionals**

   **FURTHER RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of each applicable Company: (i) the law firm of Dorsey & Whitney LLP, as general bankruptcy counsel; (ii) Jackson Walker LLP, as co-bankruptcy counsel; (iii) the financial advisory firm of AlixPartners, LLP; (iv) the law firm of Stikeman Elliott LLP, as special Canadian counsel, (v) the investment banking firm of Leerink Partners; (vi) Epiq Corporate Restructuring LLC, as noticing and claims agent; (vii) Ronald J. Bienias, Partner and Managing Director of AlixPartners, LLP, as chief restructuring officer reporting to the chief executive officer of each Company, to perform the ordinary-course duties associated with that office, as well as to advise such Company on matters relating to its debts, finances and liquidity, cash management and funding, business planning and restructuring strategy, the management of critical relationships and retention of experts, and such other duties as may be necessary or advisable in the ordinary course of the Chapter 11 Cases; and (viii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

6.      **Further Actions and Prior Acts**

   **FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the applicable Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to the Chapter 11 Cases;

   **FURTHER RESOLVED**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

   **FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such

other deeds and other things as each Company may lawfully do, in accordance with its Governing Documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

        **FURTHER RESOLVED**, that the Consenting Parties have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

        **FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Consenting Parties.

## 7.  **General**

        **FURTHER RESOLVED**, that to the extent that any Company (a "Parent Consenting Party") is also a direct or indirect Consenting Party with respect to another Company, each Authorized Person for such Parent Consenting Party is hereby authorized to execute this Written Consent in the name and on behalf of such Parent Consenting Party in its capacity as a Consenting Party with respect to any applicable subsidiary Company; and

        **FURTHER RESOLVED**, that this Written Consent may be executed in counterparts, with each an original and all of which together shall constitute one and the same instrument and further, that any copy, facsimile or other reliable reproduction of this Written Consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used.

[Signature page follows]

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**MEDICAL DIAGNOSTICS, LLC, as member of:**
Western Massachusetts Magnetic Resonance Services, LLC
Greater Boston MRI Services, LLC

By:  Alliance HealthCare Services, Inc., its sole member

By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**ALLIANCE HEALTHCARE SERVICES, INC., as manager of:**
Western Massachusetts Magnetic Resonance Services, LLC

By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.


**MID-AMERICAN IMAGING, INC., as sole member of:**
Woodland Diagnostic Imaging, LLC


By: _____
Name: Riadh Zine
Title: CEO

      **IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**TIC ACQUISITION HOLDINGS, LLC, as member of:**
Imaging Center of West Palm Beach, LLC

By: Akumin Operating Corp., its manager

By: _____
Name: Riadh Zine
Title: CEO

      **IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**AKUMIN OPERATING CORP., as manager of:**
Imaging Center of West Palm Beach, LLC
Advanced Diagnostic Group, LLC
Akumin Health Illinois, LLC
TIC Acquisition Holdings, LLC
Advanced Diagnostic Resources, LLC


By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**ALLIANCE HEALTHCARE SERVICES, INC., as sole member of:**

Affiliated PET Systems, L.L.C.
Alliance Radiosurgery, LLC
Diagnostic Health Center of Anchorage, LLC
Medical Diagnostics, LLC
Medical Outsourcing Services, LLC
Monroe PET, LLC
NEHE/WSIC II, LLC
New England Molecular Imaging LLC
Three Rivers Holding, LLC
Alliance Imaging NC, LLC
Shared P.E.T. Imaging, LLC
Decatur Health Imaging, L.L.C.

By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.


**ALLIANCE ONCOLOGY, LLC, as member of:**
Alliance Oncology of Arizona, LLC
MUSC Health Cancer Care Organization, LLC
USR Holdings, LLC


By: Alliance HealthCare Services, Inc., its member


By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**THREE RIVERS HOLDING, LLC, as sole member of:**
SMT Health Services, LLC

By: Alliance HealthCare Services, Inc., its sole member

By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**BOARD OF DIRECTORS OF:**
Mid-American Imaging, Inc.

Name: Tom Gaston
Title: Director

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**BOARD OF DIRECTORS OF:**
PET Scans of America Corp.

_____
Name: Riadh Zine
Title: Director

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**BOARD OF DIRECTORS OF:**
Akumin Operating Corp.

_____
Name: Riadh Zine
Title: Director

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**BOARD OF DIRECTORS OF:**
AFO Imaging, Inc.

_____
Name: Riadh Zine
Title: Director

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**BOARD OF DIRECTORS OF:**
Akumin Holdings Corp.

_____
Name: Riadh Zine
Title: Director

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.


**BOARD OF DIRECTORS OF:**
LCM Imaging, Inc.


_____
Name: Riadh Zine
Title: Director

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**BOARD OF DIRECTORS OF:**

Neospine Blocker Corp.

Name: Jim Brook
Title: Director

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**ADVANCED DIAGNOSTIC GROUP, LLC, as sole member of:**
Advanced Diagnostic Resources, LLC

By: Akumin Operating Corp., its manager

By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**AKUMIN IMAGING TEXAS, LLC, as member of:**
PMI Partners, LLC
Preferred Imaging at Casa Linda Plaza, LLC
Preferred Imaging at the Medical Center, LLC
Preferred Imaging HEB, LLC
Preferred Imaging of Austin, LLC
Preferred Imaging of Corinth, LLC
Preferred Imaging of Denton, LLC
Preferred Imaging of Fort Worth, LLC
Preferred Imaging of Frisco, LLC
Preferred Imaging of Garland, LLC
Preferred Imaging of Grapevine/Colleyville, LLC
Preferred Imaging of Irving, LLC
Preferred Imaging of McKinney, LLC
Preferred Imaging of Mesquite, LLC
Preferred Imaging on Plano Parkway, LLC
Preferred Imaging of Plano, LLC
Preferred Open MRI, LLC
Round Rock Imaging, LLC
SyncMed, LLC
Vista PEM Providers, LLC


By: _____
Name: Riadh Zine
Title: Manager

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**MANAGER OF:**
PMI Partners, LLC
Preferred Imaging at Casa Linda Plaza, LLC
Preferred Imaging at the Medical Center, LLC
Preferred Imaging HEB, LLC
Preferred Imaging of Austin, LLC
Preferred Imaging of Corinth, LLC
Preferred Imaging of Denton, LLC
Preferred Imaging of Fort Worth, LLC
Preferred Imaging of Frisco, LLC
Preferred Imaging of Garland, LLC
Preferred Imaging of Grapevine/Colleyville, LLC
Preferred Imaging of Irving, LLC
Preferred Imaging of McKinney, LLC
Preferred Imaging of Mesquite, LLC
Preferred Imaging on Plano Parkway, LLC
Preferred Imaging of Plano, LLC
Preferred Open MRI, LLC
Round Rock Imaging, LLC
SyncMed, LLC
Vista PEM Providers, LLC
Akumin FL, LLC
Akumin Florida Holdings, LLC


_____
Name: Riadh Zine
Title: Manager

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**AKUMIN OPERATING CORP., as member of:**

Advanced Diagnostic Group, LLC

Akumin Health Illinois, LLC

TIC Acquisition Holdings, LLC

Akumin FL, LLC

Akumin Florida Holdings, LLC

InMed Diagnostic Services of MA, LLC

By: _____

Name: Riadh Zine

Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**ALLIANCE ONCOLOGY, LLC, as manager of:**
USR Holdings, LLC

By: Alliance HealthCare Services, Inc., its member

By: _____
Name: Riadh Zine
Title: CEO

      **IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**TRUSTEE OF:**
New England Health Enterprises Business Trust

_____
Name: Riadh Zine
Title: Trustee

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.


**GREATER BOSTON MRI SERVICES, LLC, as partner of:**
Greater Boston MRI Limited Partnership

By: Medical Diagnostics, LLC, its member

By: Alliance HealthCare Services, Inc., its member


By: _____
Name: Riadh Zine
Title: CEO

     **IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**WESTERN MASSACHUSETTS RESONANCE SERVICES, LLC, as partner of:**
Greater Boston MRI Limited Partnership

By: Medical Diagnostics, LLC, its member

By: Alliance HealthCare Services, Inc., its member

By: _____
Name: Riadh Zine
Title: CEO

By: Alliance HealthCare Services, Inc., its manager

By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**NEW ENGLAND HEALTH ENTERPRISES, INC., as manager of:**
NEHE-MRI, LLC

By: _____
Name: Riadh Zine
Title: CEO

**IN WITNESS WHEREOF**, this Written Consent has been duly executed by the undersigned as of date first above written.  The Secretary or other appropriate officer or governing body of each Company is hereby directed to file a signed copy of this Written Consent in the minute book of each such Company.

**NEHE-MRI, LLC, as sole member of:**
New England Health Imaging-Houlton, LLC

By: New England Health Enterprises, Inc., its manager

By: _____
Name: Riadh Zine
Title: CEO

## Exhibit A

## Corporations

1. Mid-American Imaging, Inc.
2. PET Scans of America Corp.
3. Akumin Operating Corp.
4. AFO Imaging, Inc.
5. Akumin Holdings Corp.
6. LCM Imaging, Inc.
7. Neospine Blocker Corp.

## Exhibit B

## LLCs

1. Decatur Health Imaging, L.L.C.
2. Greater Boston MRI Services, LLC
3. Shared P.E.T. Imaging, LLC
4. Alliance Imaging NC, LLC
5. Affiliated PET Systems, L.L.C.
6. Alliance Oncology of Arizona, LLC
7. Alliance Radiosurgery, LLC
8. Diagnostic Health Center of Anchorage, LLC
9. Medical Diagnostics, LLC
10. Medical Outsourcing Services, LLC
11. Monroe PET, LLC
12. MUSC Health Cancer Care Organization, LLC
13. NEHE-MRI, LLC
14. NEHE/WSIC II, LLC
15. New England Health Imaging-Houlton, LLC
16. New England Molecular Imaging LLC
17. Western Massachusetts Magnetic Resonance Services, LLC
18. Woodland Diagnostic Imaging, LLC
19. Three Rivers Holding, LLC
20. USR Holdings, LLC
21. Advanced Diagnostic Resources, LLC
22. Advanced Diagnostic Group, LLC
23. Akumin FL, LLC
24. Akumin Florida Holdings, LLC
25. Akumin Health Illinois, LLC
26. Imaging Center of West Palm Beach, LLC
27. PMI Partners, LLC
28. Preferred Imaging at Casa Linda Plaza, LLC
29. Preferred Imaging at the Medical Center, LLC
30. Preferred Imaging HEB, LLC
31. Preferred Imaging of Austin, LLC
32. Preferred Imaging of Corinth, LLC
33. Preferred Imaging of Denton, LLC
34. Preferred Imaging of Fort Worth, LLC
35. Preferred Imaging of Frisco, LLC
36. Preferred Imaging of Garland, LLC
37. Preferred Imaging of Grapevine/Colleyville, LLC
38. Preferred Imaging of Irvine, LLC
39. Preferred Imaging of McKinney, LLC
40. Preferred Imaging of Mesquite, LLC
41. Preferred Imaging on Plano Parkway, LLC
42. Preferred Imaging of Plano, LLC
43. Preferred Open MRI, LLC

44. Round Rock Imaging, LLC
45. SyncMed, LLC
46. TIC Acquisition Holdings, LLC
47. Vista PEM Providers, LLC
48. InMed Diagnostic Services of MA, LLC
49. SMT Health Services, LLC